**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**ROBIN ALEATA PICKETT et al.,**

    **Defendants.**
_____

**5:19-cv-978
(GLS/ATB)**

## ORDER AND JUDGMENT OF FORECLOSURE AND SALE

  Plaintiff United States of America commenced this action against defendants Robin Aleata Pickett, the Commissioner of the Jefferson County Department of Social Services, Frontier Housing Corporation, John Doe, Mary Roe, and XYZ Corporation, to foreclose on a mortgage encumbering a property located in Jefferson County, New York. (Compl., Dkt. No. 1.) A description of the property is attached as Schedule A.

  On the original Summons, Complaint, and Notice of Pendency of this action, all filed in the office of the Clerk of this Court, and upon due proof of service upon each of the Defendants in this action, and upon the Affirmation of Nicole LaBletta, by all of which it appears to the satisfaction of this Court that the Plaintiff is in all respects entitled to a default judgment

pursuant to Rule 55 of the Federal Rules of Civil Procedure and Section 1321 of the New York Real Property Actions and Proceedings Law.

Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** as follows:

That the Plaintiff's motion for default judgment, (Dkt. No. 9), is **GRANTED**;

That the mortgaged premises described in the Complaint, as hereinafter set forth, being more commonly known as 205 Franklin Street, Brownville, New York 13615, a parcel of land improved with a single family home, is to be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

That the sale be conducted at a public auction at the Jefferson County Supreme Court, located at 317 Washington Street, Watertown, New York 13601, or at another such suitable location, by and under the direction of David McNulty, United States Marshal for the Northern District of New York, who is hereby directed to make the sale of said premises.

That the United States Marshal shall give public notice of the time and place of sale as follows:

That the United States Marshal shall cause to be sent by mail,

a copy of the Notice of Sale by depositing the same in a prepaid wrapper addressed to:

    Frontier Housing Corporation
    c/o Secretary of State, of the State of New York
    99 Washington Ave #122
    Albany, New York 11206
    AND
    P.O. Box 56
    Dexter, New York 13634

    Commissioner of the Jefferson County Department of Social Services
    250 Arsenal Street
    Watertown, New York 13601

    Robin Aleata Pickett
    620 Mohawk Street
    Watertown, New York 13601

That the United States Marshal shall post copies of the Notice of Sale in three (3) conspicuous public places in Jefferson County, New York, where the premises are located;

That the United States Marshal shall cause the Notice to be published once weekly for four consecutive weeks in the Watertown Daily Times, a newspaper of general circulation published in Jefferson County, where the mortgaged premises are located. The Notice need not contain the full legal description of the property as

set forth in Schedule A, but may refer to the property as 205 Franklin Street, Brownville, New York 13615.

That the Plaintiff or any other party to this action may become a purchaser on such sale.

That the United States Marshal shall execute to the purchaser on such sale a deed of the premises sold, and upon receiving the proceeds of sale, forthwith pay the following items:

> FIRST, United States Marshal's fees and commissions on the said sale not exceeding, however, the sum of $300.00;
>
> SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;
>
> THIRD, the sum of $715.00, hereby adjudged to constitute Plaintiff's costs in this action, with interest thereon from the date hereof, and the sum of $126,657.34, with interest thereon from September 20, 2019, the amount owing to the Plaintiff and secured by the mortgage which is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

That in the event that the Plaintiff is the purchaser of the mortgaged

premises at the sale, or in the event that the rights of the purchaser at the sale and the terms of the sale under this judgment shall be assigned to and acquired by the Plaintiff and a valid assignment thereof filed with the United States Marshal, the United States Marshal shall not require the Plaintiff to pay in cash, the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting therefrom the amounts paid by the Plaintiff, shall be allowed to the Plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid there shall be a surplus over and above the said amounts due to the Plaintiff, the Plaintiff shall pay to the United States Marshal, upon delivery to it of said United States Marshal's deed, the amount of said surplus; and that the United States Marshal then shall make the payments as herein directed.

That the United States Marshal take the receipt of the Plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

That the surplus money, if any, be then deposited in the Registry of

5

this Court for a period of three years from the date of such deposit; that during this three-year period, the junior lienholders and/or Pickett can move to recover some or all of the surplus money; that if no party, or any other lienholder, has moved to recover the money at the conclusion of the three-year period, the money shall be distributed to Pickett.[1]

That the United States Marshal make his report of the sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to Plaintiff, with the expenses of the sale, interest, costs, and allowances, as aforesaid, the United States Marshal shall specify the amount of such deficiency in the U.S. Marshal's Report of Sale;

That the purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and it is further

**ORDERED, ADJUDGED, AND DECREED** that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be

---

[1] *See United States v. Konco*, No. 04-CV-6154L, 2008 WL 5082863, at *2 (W.D.N.Y. Nov. 24, 2008).

forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof; and it is further

**ORDERED, ADJUDGED, AND DECREED** that John Doe, Mary Roe, and XYZ Corporation are **DISMISSED** from the case, pursuant to Federal Rule of Civil Procedure 15, because there are no tenants or occupants residing at the premises at issue under those fictitious names; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Plaintiff's request for the sum of $3,875.00 in Attorney's fees is **DENIED WITH LEAVE TO RENEW**[2]; and it is further

---

[2] The Plaintiff requests an award of $3,875.00 in attorney's fees pursuant to its mortgage agreement with Pickett. (Dkt. No. 9 at 7.) The Plaintiff did not provide the court with contemporaneous time records or any other proof relating to the figure requested. (*See generally* Dkt. No. 9.) Similarly, the Plaintiff did not provide the court with a summary of the attorney's qualifications and experience. (*Id.*) Even though when "the entitlement to attorneys' fees is found within the mortgage itself rather than in a federal statute, Plaintiff's failure to provide contemporaneous time records does not wholesale preclude its ability to recover attorneys' fees," *Nationstar Mortgage LLC v. Dolan*, No. 1:16-CV-1360, 2019 WL 1970522, at *4 (N.D.N.Y. May 3, 2019), the lack of support provided by the Plaintiff—especially the lack of information regarding how many hours were spent on each task for which the Plaintiff incurred fees—precludes the court from determining the reasonableness of the fees. Because the court must determine the reasonableness of attorney's fees, including those incurred via a flat fee arrangement, before it awards them to the Plaintiff, *see, e.g. Dolan*, 2019 WL 1970522, at *2, and because it is unable to do so with the information before it, the Plaintiff's request is denied with leave to renew. *See Onewest Bank, N.A. v. Vaval*, No. 14-CV-3437, 2016 WL 3945342, at *4 (E.D.N.Y. Jul. 19, 2016) ("Courts in this District have declined to award attorney's fees pursuant to a flat-rate agreement unless the request is accompanied by supporting documentation sufficient to allow the court to calculate the presumptively

**ORDERED, ADJUDGED, AND DECREED** that the Clerk provide a copy of this Judgement of Foreclosure and Sale to the parties.

**IT IS SO ORDERED**

December 20, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

reasonably fee via the lodestar method and compare it to the flat fee amount." (citations, internal quotation marks, and alterations omitted)).